UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRUS BENTON,<br><br>              Plaintiff,<br><br>   v.<br><br>CDCR NORTH KERN STATE PRISON,<br><br>              Defendant. | Case No. 1:24-cv-00370-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN 30 DAYS |

      Plaintiff Leandrus Benton is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). For reasons stated below, the Court recommends that this case be dismissed without prejudice for failure to prosecute.

**I.    BACKGROUND**

      Plaintiff filed the complaint commencing this action on March 29, 2024, against CDCR North Kern State Prison. (ECF No. 1). Plaintiff alleged that various CDCR procedures and California Title 15 regulations were violated because his cell was not searched prior to him being moved into it. When his cell was eventually searched and contraband, including a cell phone, was found, Plaintiff received a Rule Violation Report (RVR). Plaintiff lost privileges, contact visits with family, and credits. (*Id.* at 3). Plaintiff asked to have charges of constructive possession of a cell phone and RVR dismissed. (*Id.* at 6.)

1

On April 16, 2024, the Court issued Order to Show Cause, ordering Plaintiff to show why this action should not be dismissed as barred by favorable termination rule, without prejudice to plaintiff filing a petition for writ of habeas corpus. (ECF No. 8). Plaintiff responded to the order to show cause on May 31, 2024. (ECF No. 11). Although Plaintiff's response included a draft petition for writ of habeas corpus, he also explained that he is serving a sentence of 15 year to life imprisonment. (ECF No. 11 at 1). Because Plaintiff is serving an indeterminate sentence, success in this case would not necessarily affect the duration of Plaintiff's confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Court concluded that Plaintiff's complaint is not barred by the *Heck* bar/favorable termination rule and could proceed as a Section 1983 civil proceeding. The Court vacated its Order to Show Cause and screened the complaint on July 2, 2024. (ECF No. 12).

In its Screening Order, the Court held that Plaintiff failed to state any cognizable claims. (ECF No. 12 at 8). The Court gave Plaintiff 30 days to either file an amended complaint or file a statement with the Court that he wants to stand on his original complaint. (*Id*). The Court advised Plaintiff that, if he chooses to stand on the filed complaint, the Court would issue "findings and recommendations to a district judge recommending dismissal of the action" consistent with the Court's screening order. (*Id.* at 9). Finally, the Court has warned the Plaintiff that "Failure to comply with this order may result in the dismissal of this action." (*Id.*; *see also* ECF No. 3 at 1 (warning Plaintiff that failure to follow the Court's orders and all applicable rules "will be grounds for imposition of sanctions which may include dismissal of the case.")).

The deadline to respond to the Court's screening order has now passed, and Plaintiff has not filed an amended complaint or a statement with the Court that he wishes to proceed on his original complaint.

**II.   LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the

2

availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

### III. ANALYSIS

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to file an amended complaint or otherwise notify the Court that he wants to stand on his complaint as required by a court order. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute his case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status. (*See* ECF No. 7). And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Moreover, dismissal *without* prejudice *is* the lesser sanction available

to the Court. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action *with prejudice* for failure to comply with court orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) allows *sua sponte* dismissal by the Court because "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Therefore, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

### IV. CONCLUSION, ORDER, AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court is directed to assign a district judge to this case.

In addition, the Court **RECOMMENDS** that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
IT IS SO ORDERED.

Dated:   **August 19, 2024**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

4