UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRUS BENTON,<br><br>      Plaintiff,<br><br>    v.<br><br>CDCR NORTH KERN STATE PRISON,<br><br>      Defendant. | Case No.: 1:24-cv-0370 JLT EPG (PC)<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DISMISSING THIS ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 16) |

       Leandrus Benton is a state prisoner, who seeks to hold the "CDCR North Kern State Prison" liable for violations of his civil rights, asserting CDCR procedures and California Title 15 regulations were violated because his cell was not searched prior to Plaintiff being housed in it at NKSP. (*See generally* Doc. 1.) The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found Plaintiff failed to state a cognizable claim upon which relief may be granted under 42 U.S.C. § 1983. (Doc. 12 at 3-8.) The Court granted 30 days for Plaintiff to file an amended complaint or notify the Court that he wished to stand on his complaint. (*Id.* at 9.)

       After Plaintiff failed respond to the Court's order, the magistrate judge found Plaintiff failed to comply with the Court's order and failed to prosecute this case. (Doc. 16 at 1-2.) After considering the factors set forth by the Ninth Circuit, the magistrate judge determined terminating sanctions were appropriate and recommended the action be dismissed without prejudice. (*Id.* at 3-4.)

       The Court served the Findings and Recommendations on Plaintiff and notified him that any

objections were due within 30 days.  (Doc. 16 at 4.)  The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).)  Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated August 19, 2024 (Doc. 16) are **ADOPTED** in full.
2. Plaintiff's complaint is **DISMISSED** without prejudice for failure to prosecute and failure to comply with Court's orders.[1]
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  **September 19, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] The Ninth Circuit indicated that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *see also O'Neal v. Price*, 531 F.3d 1146, 1156 (9th Cir. 2008) (dismissal for failure to state a claim and another ground counts as a strike when it is clear from the court's reasoning that it considers failure to state a claim to be a fully sufficient condition to dismiss the action).

2